UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>JOHNATHON MICHAEL DRONET,<br><br>        Defendant. | Case No. 20-cr-02787-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**(ECF No. 50)** |

   The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821.  Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1.  This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Johnathon Michael Dronet files a Motion for Reduction of Sentence. (ECF No. 50.) The Court referred the Motion to Federal Defenders for an evaluation. (ECF No. 51.) Federal Defenders has now filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 53.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 210–262 months (based on a base offense level of 35 and a criminal history category of III). The Court added two criminal history points to his criminal history calculation because he was under a criminal justice sentence. (*See* Presentence Report ¶ 33, ECF No. 36.) Under the new guidelines, these status points would not have been added, and his new his criminal history category would have been only II. With a base offense level of 35 and a criminal history category of II, Defendant's new guideline range would be 188–235 months.

However, at the original sentencing, the Court departed downward for fast track and found Defendant's criminal history was overrepresented. In addition, the Court varied downward because of Defendant's difficult childhood and participation in drug rehab while on pretrial release. Ultimately, the Court imposed a 48-month sentence. (ECF No. 46.)

This 48-month sentence would still be below Defendant's guideline range even after the guideline amendment is applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 188 months. Since the Court sentenced Defendant to a lower sentence of 48 months, Defendant is not entitled to a lower sentence.

Therefore, Defendant's Motion for Reduction of Sentence (ECF No. 50) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: June 7, 2024**

Hon. Cynthia Bashant
United States District Judge